The titles intended to be conveyed by this deed are those of the Alexanders in their own right, and those of the three other coheirs by the defendants as their attorneys in fact. *Page 87 
There must be a valuable consideration to support a bargain and sale, the very name of which implies a quid pro quo. It is not essential that the bargainees themselves should pay the consideration money; for if it be paid by a stranger on their account, it will be sufficient to raise an use in the bargainee. Cro. Eliz., 819. Nor is it necessary that the money should be paid to the bargainor, but it must be paid either to himself or to some person for his use. Now the receipt of the consideration money is acknowledged by the Alexanders in their character as attorneys; and from no part of the deed can it be collected that any money was paid to themselves in their private right, although it may reasonably be supposed that two-fifths of the sum were so paid, (159) and that the deed does not describe the transaction truly. Yet we are not at liberty to depart from it on any private speculation, nor can the parties make any averment against it. It follows then that the title of the Alexanders was not conveyed by the deed.
Did the title of the other coheirs pass by the deed? I conceive that in point of form it is too essentially defective to convey their title. The land was vested in them and by them alone can it be conveyed. Their power of attorney, as such, conveyed no interest to the defendants, and consequently none could pass from them. Thus, where a lease was made in the name of the attorney, though it were added also by virtue of a letter of attorney, or by A. B. as attorney for D. D., it was held a void lease. Bac. Abr., Tit. "Leases," sec. 10. And a bond reciting certain differences between the obligee and obligor as attorney for F. F., was conditioned that the obligor should perform such award as the arbitrators therein named should make upon the premises. It was agreed that the submission in this form was not binding upon the principal, though it was resolved to be so upon the obligor. 1 Ld. Raym., 146. The part of the deed which attempts to convey the shares of the principals keeps them in the background, and presents alone the bargainors as their attorneys. The execution and delivery of a deed ought likewise to be in the name of the principal, and if it be the execution of the agent only it is void as to the principal, though the form of words used in the execution is not material, as where opposite the seal was written, for S. B. (the principal) M. W. (the attorney). 2 East, 142. Here, however, the deed is sealed and delivered as the act of the Alexanders, without any mention or recognition of their principals. It is evident, therefore, according to all the authorities, that no title passed from the other coheirs.
And this leads to the important question whether the defendants are personally bound by the covenants of warranty. Whether it be *Page 88 
(160) just on principle that the plaintiff should be indemnified for the loss sustained by his confidence in the defendants' having rightfully conveyed, I will not undertake to decide, because the law speaks a language which can neither be misunderstood nor disobeyed. The ancient rule was that to every good warranty in deed there must be some estate to which the warranty is annexed that may support it; for if one covenant to warrant land to another and make him no estate, or make him an estate that is not good, and covenant to warrant the thing granted, in these cases the warranty is void. Coke Litt., 378.
When the action of covenant was substituted for the warrantia charter, the same principle was continued in operation; and where the main act to be performed, as conveying an estate, granting a lease, etc., is void, relative and dependent covenants are void also; as where A., being possessed of a term, granted to B. so much of the term as should be unexpired at the time of his death, and covenanted for B.'s quiet enjoyment, the lease being there held void for uncertainty, the covenant was holden void also. T. Raym., 27. In Frontin v. Small, a lease was made by an attorney in fact, in his own name, and it contained a covenant on the part of the lessee to pay rent to the attorney. In an action of covenant brought by him to recover the rent, it was held that as the lease was void the covenant was so likewise. Strange, 706. InNorthcote v. Underhill, the principle did not apply, because there was a separate and independent covenant, not referring to the estate intended to be granted nor waiting upon it; and in such cases the covenant may be enforced, although no estate is granted. Salk., 199. As, therefore, it appears on the face of this record that nothing passed by the deed, either from the defendants or their principals, the covenant of warranty never had a legal existence, and cannot be enforced. I think the judgment (161) is right, and ought to be affirmed.